UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARNELL LEON JONES,

           Plaintiff,

-against-

ALL (IN-VOLED) IN CASE, et al.,

           Defendants.

1:24-CV-4616 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated August 29, 2024, and entered on September 9, 2024, and by judgment dated August 29, 2024, and also entered on September 9, 2024, the Court dismissed this *pro se* action. (ECF 5 & 6.) On October 25, 2024, the court received from Plaintiff, who is currently incarcerated in the San Carlos Correctional Facility, in Pueblo, Colorado, a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP.[1] (ECF 7 & 8.)

For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

### DISCUSSION

A.    **Rule 4(a)(5) motion**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See*

---

[1] Plaintiff Tarnell Leon Jones signs these documents as "Tupac Shakur," "Lesane Crooks," "Tarnell Jones," or "Makaveli Leder of Freemans [*sic*]." (ECF 7 & 8.)

Fed. R. App. P. 4(a)(1)(A). With respect to a prisoner appearing *pro se*, a notice of appeal is considered filed on the date when the prisoner delivers his notice of appeal to correctional-facility officials for its delivery to the court. *See Houston v. Lack*, 487 U.S. 266 (1988). In the context of this "prison mailbox rule," "in the absence of contrary evidence, district courts in this circuit have tended to assume that [a] prisoner['s] papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order).

The abovementioned order of dismissal and judgment were both entered on September 9, 2024. Plaintiff, who is incarcerated, thus, had until 30 days later, or until October 9, 2024, to deliver his notice of appeal to prison officials for its delivery to the court. His notice of appeal is dated September 27, 2024. (ECF 8, at 1.) Thus, in the absence of contrary evidence, Plaintiff's notice of appeal is deemed filed as of September 27, 2024, and is, accordingly, timely. The Court therefore denies Plaintiff's Rule 4(a)(5) motion as unnecessary.

**B.      IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its August 29, 2024 order and judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 5 & 6), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's August 29, 2024 order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 7), as unnecessary,

because his notice of appeal (ECF 8) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 12, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge